# Jankowski v. Karakashian

*James E. Beasley,* for plaintiffs.
*James J. McEldrew,* for defendant Karakashian.
*Harold B. Marcus,* for defendant Lawndale
Community Hospital.

MARUTANI, *J.,* May 21, 1976 — Lawndale
Community Hospital, one of the several defend-
ants named in a medical malpractice suit, has
filed a motion, directed to plaintiffs, to compel an-
swers to certain interrogatories. Plaintiffs object
that the interrogatories being challenged (a) seek
disclosure of information secured in anticipation

of litigation or in preparation for trial, and (b) require giving an opinion as an expert witness: Pa. R.C.P. 4011(d) and (f ).

Plaintiffs' complaint alleges, in brief, as follows. On November 17, 1974, husband-plaintiff, Stanley Jankowski, was admitted to hospital where he was operated upon "for left cataract surgery"[1] which resulted, it is charged, in the husband-plaintiff suffering various negative results including myocardial infarction, pulmonary idema [edema?], and cerebrovascular accident.[2] The defendant hospital is charged with various acts of claimed negligence relating to care, treatment, monitoring, record keeping, competence of attending staff, and "negligence at law."[3]

The series of interrogatories to which plaintiffs have filed objections are interrogatories 21 through 27, inclusive, as follows:

"20. Have you or has anyone on your behalf obtained from any person(s) including defendant, or any employees of defendant, any oral or written statement or report concerning the treatment, surgery or examination?"[4]

"21. If so, state (a) when and where each such statement or report was obtained or made, (b) by whom, (c) where each is located, (d) as to each whether it is oral or written, signed or unsigned.

"22. State the specific facts known to you or anyone acting in your behalf upon which you base each allegation of negligence or malpractice.

---

1. Plaintiffs' complaint in trespass, par. 14.
2. Ibid, par. 16.
3. Ibid, par. 18(a) through (f ).
4. No objections were filed by plaintiffs to interrogatory 20; however, a recital thereof is necessary to place the succeeding interrogatory 21 into perspective.

"23. Do you claim that defendant caused your injuries because (a) he [sic] was not qualified to undertake the type of treatment, surgery or examination he gave? (b) he failed to diagnose correctly? (c) he did not obtain proper consent or authorization? (d) he failed to use modern techniques and procedures? (f) he did not give the correct treatment? (g) he failed to observe proper pre-operative [,] operative or postoperative procedures, specifying which? (h) he was otherwise negligent, specifying the respect?

"24. If your answer to any subdivision of the preceding interrogatory is yes, give as to each answer (a) details of your claim, (b) description of defendant's conduct, (c) description of defendant's conduct as you claim it should have been.

"25. Have you engaged an expert who [sic] you intend to have testify on your behalf at the time of trial? If so, identify each expert by name, address, occupation and specialty.

"26. (a) [A]re your allegations as to defendant's actions based in whole or in part upon expert opinion? (b) [I]f so, what is that opinion? (c) [W]hat is the name, address, occupation and specialty of the person(s) from whom that opinion was obtained?

"27. (a) Have you received information from anyone leading you to believe the defendant was negligent or failed to exercise requisite skill or care in attending or treating you?

"(b) If so, state as to such information (1) name and address of the person from whom you received it, (2) description of information received, (3) date you received it."

To the extent that interrogatories 21 and 27 seek "other than information as to identity or whereabouts of witnesses," they violate the limitations of

the discovery rules and, accordingly, defendant hospital's motion must be denied: Pa. R.C.P. 4011(d). Unless so restricted, the plain reading of these interrogatories would probe into the preparation and investigative efforts of plaintiffs, which, of course, are not within the permissible ambit of the discovery rules.

Plaintiffs object to interrogatories 22 through 27 as being violative of Rule 4011(f), which prohibits discovery which "would require a deponent . . . to give an opinion as an expert witness, over his objection." In its brief accompanying its motion, hospital urges:

"That the information to some extent may be based upon an expert's opinion should not immunize it from discovery. To hold otherwise would mean that whenever the essentials of a plaintiff's case is based upon expert opinion, and this is almost always true in a medical malpractice case such as this one, defendant would have no access to the plaintiff's contentions until the time of trial. Obviously, this is a result never intended by the Pennsylvania Rules of Civil Procedure."[5]

As to the intent of Rule 4011(f) in reference to medical malpractice cases, the plaint articulated by defendant hospital had been previously raised in our courts: Borish v. Beck, 43 D. & C. 2d 172 (C.P. Phila.; 1967) in which one of the parties had urged that the courts should make an exception to Rule 4011(f) in a malpractice situation. To this urging, our courts replied:

". . . the elements of a malpractice action had been long established in the law when rule 4011(f) was promulgated. If the draftsmen had wanted to

---

5. Defendant's Memorandum of Law, p. 1.

make an exception for malpractice cases, they certainly could have done so. They did not. We cannot say that their failure to do so was an oversight on their part and that, had they thought about it, they would have created an exception." Ibid at 174.[6]

At the same time, however, the rubric of "expert opinion," particularly posited as a unilateral naked assertion as it invariably is, should not, and cannot, operate as a smothering blanket to stifle an inquiring party from access to facts which are "relevant to the subject matter involved in the action and [which] will substantially aid in . . . the preparation or trial of the case." Rule 4007(a). The prohibition of Rule 4011(f) is to opinion, not to facts. Thus, an inquiring party is entitled to all facts upon which a contention is based and which the inquiring party's interrogatories are appropriately framed to elicit; what Rule 4011(f) prohibits is inquiry as to how or what an expert may interpret from those facts. As more recently enunciated by our courts in a medical malpractice case:

"A defendant is entitled to discover the factual basis on which an opponent bases his contentions and needs such information in order to prepare his defense to the suit. This principle applies equally to medical malpractice actions as other types of

---

6. President Judge Jamieson's opinion in Borish points out that Decker v. Pohlidal, 22 D. & C. 2d 631 (C.P. of Northamp. 1960), which permitted probing into expert opinion, was not controlling because that decision antedated the promulgation of Rule 4011(f) by some two years, the addition of subsection "f" having become effective April 2, 1962. For the same reason, Straub v. Silber, 22 D. & C. 2d 36 (C.P. Montg. 1960), which permitted expansive questioning of an expert, would not be persuasive. Moreover, see the criticism of the Straub holding in Wright v. Philadelphia Transportation Co., 24 D. & C. 2d 334 (C.P. Phila. 1961).

actions." Roseman v. Poppe, 67 D. & C. 2d 313, 314 (C.P. Phila. 1975).[7]

Accordingly, hospital's motion to compel answers as to interrogatory 22 must be granted. As to interrogatories 23, 24, 26 and 27, however, such interrogatories are framed to seek opinion, not facts, and hospital's motion as to those interrogatories must be denied.

As to interrogatory 25, seeking the identity of expert witnesses that plaintiffs "intend to have testify on your behalf at time of trial," the coordinate courts of this Commonwealth are at variance: e.g., Ross v. Lister, 21 D. & C. 2d 51 (C.P. Phila. 1959) and The Heller-Murray Co. v. Sharon Builders Supply Co., 33 D. & C. 2d 189 (C.P. Mercer 1964). With all deference to President Judge Flood's reasoning in Ross, we are constrained to concur with President Judge Rodger's response to Judge Flood's basic objection, responding that:

"It can be no great inconvenience to list the expert witnesses whom they have consulted. This list does not limit the party; and if he secures additional experts, their names may be disclosed at pretrial." 33 D. & C. 2d 189, 190 (C.P. Mercer 1964).

## ORDER

And now, May 21, 1976, upon consideration of the motion to compel answers to interrogatories of defendant, Lawndale Community Hospital, as well as consideration of plaintiffs' response thereto, it is hereby ordered and decreed that defendant Lawndale Community Hospital's motion

---

7. Also see Tejchman v. Wagner, 42 D. & C. 2d 383 (C.P. Alleg. 1967).

is denied as to interrogatories 21, 23, 24, 26 and 27; granted as to interrogatories 22 and 25, and plaintiffs shall have leave to file answers thereto within 25 days from date hereof. Upon plaintiffs' failure to comply with this order, plaintiffs shall be foreclosed from presenting any evidence or testimony relating thereto at time of trial; further, plaintiffs' answer to interrogatory 25 shall be without prejudice to them to modify their response thereto through the time of the pretrial conference.